10-1189-ag
Chen-Sie v. Holder

BIA
Laforest, IJ
A200 125 881

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Ming Jin Chen-Sie,
> *Petitioner,*

> > v.                                    10-1189-ag

> > > > > > > > > > > > > NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:          John Z. Zhang, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Linda S. Wernery, Assistant
                         Director; Kerry A. Monaco, Trial
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ming Jin Chen-Sie, a native and citizen of China, seeks review of a March 4, 2010 decision of the BIA affirming the June 23, 2008 decision of Immigration Judge ("IJ") Brigitte Laforest denying Chen-Sie's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Jin Chen-Sie*, No. A200 125 881 (B.I.A. Mar. 4, 2010), *aff'g* No. A200 125 881 (Immig. Ct. N.Y. City June 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies

2

available to the alien as of right[.]" This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA the alien must raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). In this case, Chen-Sie failed to challenge the IJ's denial of CAT relief in his appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief, and the petition is dismissed to this extent. 8 U.S.C. § 1252(d)(1).

As to asylum and withholding of removal, substantial evidence supports the agency's conclusion that Chen-Sie failed to demonstrate a well-founded fear of future persecution. As the agency reasonably noted, it is speculative whether Chen-Sie will ever become a priest or missionary as he has not undergone any religious education. Indeed, Chen-Sie testified that: he did not preach because of his educational level; he needed many more years of education and training before he could be a priest; his fellow church members did not believe he would become a priest because of his limited education; and until he becomes a priest the "[o]nly thing [he] can do is to become a sincerely [sic] follower." Accordingly, the agency did

3

not err in finding that he did not have a well-founded fear of persecution because his claim that he might be persecuted if he ever became a priest or missionary was too speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that an asylum applicant could not base a well-founded fear that he might be subjected to persecution on his desire to have more children in violation of China's family planning policy because the fear was "speculative"); *Lecaj v. Holder*, 616 F.3d 111, 117 (2d Cir. 2010) (finding that a "speculative" anxiety does not make a fear of future persecution objectively reasonable).

Chen-Sie also argues that the agency erred by failing to consider his evidence of country conditions, demonstrating that some Christians who preached outside of the state-sanctioned churches were detained, criminally charged, and tortured. However, a reasonable fact-finder would not be compelled to conclude that the agency ignored any material evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen*

4

*v. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  To the contrary, as discussed above, the agency based its decision on its finding that it was too speculative that Chen-Sie would become a missionary or preacher in China, not on a finding that such individuals were never subjected to persecution.  Moreover, the agency reasonably noted that Chen-Sie testified that members of his family practiced Christianity without any problems in China.

The agency also did not err in finding that Chen-Sie did not meet his burden of proof because he did not provide evidence corroborating his testimony that he was involved in a church in the United States.  "[T]he REAL ID Act emphasizes the importance of corroborating evidence" in determining whether an applicant has met his burden of proof, and an IJ may properly deny an applicant's claim for failure to provide corroborating evidence where such evidence can reasonably be obtained. *Chuilu Liu v. Holder*, 575 F.3d 193, 197, 198 (2d Cir. 2009); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).  Before the agency, Chen-Sie contended that he could not reasonably provide corroborating evidence from his church in the United States or people who attended

5

it with him because: he had not yet been baptized; the people in his church did not believe he would become a priest; and many asylum applications were fabricated. However, those reasons do not compel the conclusion that corroborating evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations unless a reasonable fact-finder would be compelled to do so). Because the agency required only confirmation that Chen-Sie attended church, the agency did not err in finding that Chen-Sie failed to meet his burden of proof given his testimony that he attended church regularly, participated in religious education classes, and handed out fliers for the church. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

Accordingly, because Chen-Sie's fear of future persecution on account of his desire to become a priest was speculative, *see Jian Xing Huang*, 421 F.3d at 129, and

because the agency did not err in finding that he failed to corroborate his testimony, *see Chuilu Liu*, 575 F.3d at 197-98, the agency did not err in denying his application for asylum. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (providing that an applicant for asylum must establish that his fear is objectively reasonable). As Chen-Sie was unable to meet his burden for asylum he necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7